## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties, Catalino Mendez ("the Plaintiff"), on the one hand, Kuhlman Lawn Service, LLC and Joseph Kuhlman (collectively "Defendants"), on the other hand, as well as all of their heirs, executors, successors, assigns, parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and representatives hereby enter into this Settlement Agreement and General Release ("Agreement") and represent as follows:

*WHEREAS,* the Plaintiff made claims that the Defendants did not pay Plaintiff overtime pay in violation of the Fair Labor Standards Act in Case No: 8:19-CV-006050-PJM;

*WHEREAS,* Defendants maintain that they, in good faith, paid Plaintiff all of the wages and overtime that was due throughout Plaintiff's employment, and that they do not owe the plaintiff any additional wages;

*WHEREAS,* the parties wish to resolve their dispute without the time and expense of litigation;

*NOW, THEREFORE,* in consideration of the mutual agreements contained herein and for other good cause and valuable consideration, the Plaintiff and the Defendants have agreed as follows:

1. Defendants agree to pay Plaintiff and his attorneys, a total of Three Thousand Eight Hundred Eighty dollars and twenty-five cents ($3,880.25) (the Settlement Amount) ten days after this settlement is approved by the United States District Court for the District of Maryland. For purposes of this Agreement, the Settlement Amount shall be allocated as follows:

1

   a. $970.00 of the Settlement Amount shall be allocated to attorney's fees and costs, shall be paid to Jezic & Moyse LLC, and shall be reported as 1099 Miscellaneous Income;

   b. $1,455.13 of the Settlement Amount shall be allocated to liquidated damages, shall be paid to the plaintiff, and shall be reported as 1099 Miscellaneous Income and will not be subject to any deductions or withholdings; and

   c. $1,455.12 of the Settlement Amount shall be allocated to unpaid wages, shall be paid to the plaintiff and shall be reported pursuant to Form W2 and will be subject to any deductions or withholdings.

   d. Plaintiff shall submit to defendants a W9 and a W4 tax form. Jezic & Moyse LLC shall submit to the defendants a W9 form.

2. The Plaintiff stipulates that the payment reflected in Paragraph 1 represents complete relief for any claim whatsoever arising out of their employment by defendants, including but not limited to wages, overtime, liquidated damages, and attorney's fees and costs.

3. In consideration of the foregoing payment, agreements and valuable consideration, the Plaintiff hereto hereby fully release and fully discharge the Defendants, as well as all of defendants' successors, assigns, parents, subsidiaries, divisions, affiliates, shareholders, officers, directors, employees agents and representatives from any and all claims they had against them, collectively or individually, from the beginning of the world until the date of this Agreement. This release is intended by Plaintiff to be all encompassing and to act as a full and total release of any and all Claims they have against the Defendants, whether or not specifically enumerated herein, including, but not limited to, any and all Claims arising out of or relating to: (i) any relationship (whether as an employee, officer, director or

otherwise) between Plaintiff and any or all of the Defendants, and/or any change in or termination of any such relationship; (ii) any federal, state or local law, constitution or regulation regarding either employment, compensation and/or benefits, employment discrimination and/or retaliation including, without limitation, those laws or regulations concerning discrimination on the basis of race, color, age, handicap, physical or mental disability, creed, religion, sex, sexual harassment, sexual orientation, marital status, genetic status, national origin, ancestry, veteran status, military service and/or application for military service; (iii) any carry, equity, stock, stock options or benefits; (iv) any contract, whether oral or written, express or implied; (v) any public policy, tort or common law, including fraud, misrepresentation, unjust enrichment, fraudulent concealment, or promissory estoppel; (vi) any allegation for costs, fees or other expenses including attorneys' fees; and (vii) any other statutory or common law claim of any nature.

4. No U.S. government agency is a party to this Settlement Agreement and Release of Claims and none of the provisions of this Release restrict or in any way affect the government's authority to investigate or seek relief in connection with any of the claims released by this agreement. Nothing in this agreement prevents Plaintiff from filing a claim with the EEOC or NLRB. However, if a government agency were to pursue any matters falling within the claims released by this agreement, which it is free to do, the Plaintiff agrees that this Release shall control as the exclusive remedy and full settlement of all claims released as between Plaintiff and Defendants. This Release is a binding contract between the Plaintiff and the Defendants. However, Defendants acknowledge that Plaintiff has made/will make a worker's compensation claim and that this Agreement shall not affect, in any way, Plaintiff's worker compensation claims.

3

5. It is specifically understood that the settlement of claims shall not be construed as an admission by Defendants of any violation of any law, or any federal, state or local statute or regulation, or of any duty owed by Defendants to Plaintiff. This Agreement shall not be admissible in any tribunal or judicial forum to be used as an admission or concession by Defendants of liability or wrong doing in this or any other cause of action (except in an action to enforce the Agreement).

6. The understandings set forth herein represent the complete agreement of Plaintiff and Defendants and may not be altered or changed except by the mutual agreement evidenced in a writing signed by both Plaintiff and Defendants and specifically identified as an amendment to this Agreement.

7. This Agreement is binding upon the respective parties hereto and their principals, trustees, agents, shareholders, officers, directors, members, employees, partners (limited or general), representatives, predecessors, affiliated entities, successors, subsidiaries, heirs, executors and assigns.

8. This Agreement will be interpreted and enforced in accordance with the laws of the State of Maryland.

9. The parties acknowledge that they have consulted with legal counsel of their choosing prior to entering into this Agreement and that they enter into the Agreement knowingly and voluntarily.

10. This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. Facsimiles or scanned copies of any signature shall be deemed to have the same legal weight and authority as any document with original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have executed this Settlement Agreement.

X Dated: 2̶7̶ Jan 2020  	X  *Catalino Mendez Gomez*
	Catalino Mendez

	Kuhlman Lawn Service, LLC

Dated: _____  	By: _____



Dated: _____  	_____
	Joseph Kuhlman

5

Facsimiles or scanned copies of any signature shall be deemed to have the same legal weight and authority as any document with original signatures.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have executed this Settlement Agreement.

Dated: _____  _____
Catalino Mendez

Kuhlman Lawn Service, LLC

Dated: 1/22/20  By: _____

Dated: 1/22/20  _____
Joseph Kuhlman

5