## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CATALINO MENDEZ GOMEZ,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. PJM 19-0605 |
| | * | |
| **KUHLMAN'S LAWN SERVICE,** | * | |
| *et al.,* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Catalino Mendez Gomez has sued Joseph Kuhlman and Kuhlman Lawn Service LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* The Parties have now reached a settlement and ask the Court to approve it. For the reasons that follow, the Court **GRANTS** the Joint Motion for Settlement, ECF No. 18, and **DISMISSES WITH PREJUDICE** the Complaint as to all Defendants.

## I.

### Factual and Procedural Background

Joseph Kuhlman is the owner and operator of Kuhlman's Lawn Service, LLC, which is engaged in the landscaping business. Plaintiff alleges he worked as a general laborer primarily in landscaping work from November 2007 until around August 2017. He also claims that he was paid $13.50 by check for each hour he worked if he worked 40 hours or fewer that week, but that if he worked more than 40 hours that week, he was paid $13.50 in cash for each hour he worked in

excess of 40 hours. Plaintiff submits that Defendants withheld overtime wages in the amount of approximately $6.75 each hour for up to 20 hours per week of overtime.

Plaintiff filed the Complaint on February 26, 2019. ECF No. 1. After Defendants retained counsel, the Parties engaged in settlement negotiations, and on February 24, 2020, they submitted the pending Joint Motion for Settlement. ECF No. 18.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the

attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

## III.

### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

The Parties do not describe any *bona fide* disputes in their joint motion. Instead, they submit that, while Defendants did pay more than the regularly hour wage for hours worked in excess of 40 hours per week, they did not always pay the 150% of the regularly hourly wage as required by federal and state law. The Parties stipulate that, after exchange of informal discovery, they agree on the number of hours Plaintiff worked in 2016 and 2017, the amounts that were paid to him in 2016 and 2017, and the overtime shortfall in those years. In addition, the Parties agree that Plaintiff is receiving the full benefit of the protections under the FLSA in accordance with the available records.

However, there appear to be disputes about whether the violations of the FLSA and the MWPCL were willful, and a dispute about how long Plaintiff was underpaid. In the Complaint, Plaintiff alleged that Defendants willfully failed to pay him as required under the FLSA and MWPCL, a claim Defendants denied in their Answer. Plaintiff also alleged in the Complaint that the violations of federal and state law occurred from November 2007 to August 5, 2017. In their Answer, Defendants again denied these claims.

Accordingly, the Court finds that a *bona fide* dispute exists as to whether Defendants willfully failed to pay the required amount and for how long the violation, if any, occurred.

## IV.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The case is settling at an early stage; indeed, the parties do not represent that any formal discovery has taken place. In *Saman*, which settled at a similarly early stage, plaintiff's counsel averred that he had the opportunity through mediation to review wage/hour records of sufficient quantity and quality to determine the potential range of recovery in the case. *See Saman*, 2013 WL 2949047, at *3. On this basis, Judge Chasanow of this Court concluded that the parties had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations. *See id.* (citing *Lomascolo*, 2009 WL 3094955, at *11). Counsel in the present case represent that there has been good-faith negotiation of claims and informal discovery, resulting in an agreement on the number of overtime hours worked in each week at issue and the amount that was paid for this work. The Court is therefore

satisfied that the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiff's counsel, the endorsement of settlement by counsel for both parties, and the Status Reports filed.

Finally, as to the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of Plaintiff's claim is fair and reasonable under the circumstances. The proposed settlement is as follows: Plaintiff will receive $1455.13 in unpaid wages and $1455.12 in statutory liquidated damages, for a total of $2,910.25. The Parties have submitted a spreadsheet detailing the calculations that led to these amounts, assuming Plaintiff's employment started the week of January 3, 2016 and ended the week of August 13, 2017, though according to the spreadsheet, he did not work overtime until the week starting March 13, 2016. Parties did not include their rationale for choosing the start date of January 3, 2016, but the Court notes that due to the statute of limitations under the FLSA, Plaintiff can only recover the value of unpaid wages and overtime that are owed to him within the three-year period prior to filing suit, if the violations were willful, or the two-year period prior to filing suit, if the violations were not willful. *See* 29 U.S.C. § 255; *Higgins v. Food Lion, Inc.*, 2001 WL 77696, at *2 (D. Md. Jan. 23, 2001). Similarly, the MWHL and MWPCL have a three year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 188 (D.D.C. 2016); *Orellana v. Cienna Properties, LLC*, 2012 WL 203421, at *5 (D. Md. Jan. 23, 2012). Plaintiff filed suit on February 26, 2019, and Parties have agreed on the overtime due to Plaintiff for weeks worked within the

past three years. As such, the Court finds the amounts the Parties arrived at to be fair and reasonable.

Plaintiff also agreed to a general waiver of claims against Defendants. While some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at *5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). Here, as previously discussed, Plaintiff will be compensated for what the Parties agreed on were his unpaid wages and liquidated damages. Accordingly, the Court finds that the settlement reasonably compensates Plaintiff for the release executed.

## V.

### Attorneys' Fees

The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011 WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

Traditionally, in calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a reasonable hourly rate multiplied by hours reasonably expended. *Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *6 (D. Md. May 23, 2014) (citing *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable if it is

"in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiff should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task. *See Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

Plaintiff's counsel T. Bruce Godfrey has been a member of this Bar for over twenty-two (22) years, and a member of the Maryland Bar for over twenty-five (25) years. Per Appendix B, a presumptively reasonable rate for lawyers admitted to the bar for twenty or more years is $300-$475. In order to facilitate settlement, counsel for Plaintiff voluntarily reduced his rates to the lowest end of the Appendix B rates, $300. Further, he seeks only 2.5 hours' time, or $750, despite claiming that he spent more than 2.5 hours on this case. It appears to the Court that Plaintiff's counsel did in fact spend more than 2.5 hours on this case, considering the number of filings, the detail of the spreadsheet, and the time required to negotiate settlements. Accordingly, the Court finds both Plaintiff's counsel's hourly rates and the attorney fee award in the proposed settlement to be reasonable.

-8-

## VI.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Settlement, ECF No.

18, and **DISMISSES WITH PREJUDICE** the Complaint, ECF No. 1.  A separate Order will

**ISSUE**.

/s/

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 10, 2020